# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**BOOTHE FARMS, INC., BIG RISK FARMS,
INC., JEFFREY D. BOOTHE, TERRY
BOOTHE, ADAM BOOTHE, RINEHART
FAMILY FARMS II, MM FAMILY FARMS,
JASON R. HANKS, each individually and on
behalf of all those similarly situated**                    **PLAINTIFFS**

**v.**                                **3:19-cv-264-DPM**

**DOW CHEMICAL CO.; DOW
AGROSCIENCES LLC; CORTEVA, INC.; and
E. I. DU PONT DE NEMOURS AND CO.**                    **DEFENDANTS**

## INITIAL SCHEDULING ORDER—CLASS ACTION

1.      A defendant appeared on **22 October 2019**.  A draft Final Scheduling Order, including a trial date, is attached.  Plaintiff seeks to pursue a class action, and the draft Order sets deadlines to move the case toward resolving the certification issue.  After the Court does so, it will issue an Amended Final Scheduling Order setting all needed deadlines, including those for pre-trial filings.

2.      The parties should meet, confer, and file their Rule 26(f) report by **17 January 2020**.  In addition to complying with Local Rule 26.1, the parties should estimate how many six-hour trial days are needed.

3.      Based on the parties' report, the Court will either issue the Final Scheduling Order as proposed, issue a revised version of it, or hold a Rule 16(b) conference.

4.      The Court encourages the parties to consider and confer now about consenting to the randomly assigned Magistrate Judge presiding

over this case.  Our Court's Magistrate Judges are able, experienced, and available.

                            **AT THE DIRECTION OF THE COURT**
                            **JAMES W. McCORMACK, CLERK**

                            **By:**   **Sherri Black**
                                   Courtroom Deputy to
                                   Judge D. P. Marshall Jr.

                                   3 December 2019

April 2017              -2-

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**BOOTHE FARMS, INC., BIG RISK FARMS, INC., JEFFREY D. BOOTHE, TERRY BOOTHE, ADAM BOOTHE, RINEHART FAMILY FARMS II, MM FAMILY FARMS, JASON R. HANKS, each individually and on behalf of all those similarly situated**          **PLAINTIFFS**

**v.**                          **3:19-cv-264-DPM**

**DOW CHEMICAL CO.; DOW AGROSCIENCES LLC; CORTEVA, INC.; and E. I. DU PONT DE NEMOURS AND CO.**          **DEFENDANTS**

## DRAFT FINAL SCHEDULING ORDER— CLASS ACTION

Pursuant to Federal Rule of Civil Procedure 16(b), the Court orders:

- Deadline to request any pleading amendment ...................................................... **19 May 2020**

- Joint status report due...................................................... **19 May 2020**

- Plaintiffs shall identify all expert witnesses and produce their opinions by ............................................................**18 June 2020**

- Defendants shall identify all expert witnesses and produce their opinions by ............................................................. **17 July 2020**

April 2017                          -3-

- Plaintiff shall identify any rebuttal expert witnesses and produce their opinions by .............................................................**31 July 2020**

- Discovery ends on the named-plaintiffs' claims and the class issues ................**16 September 2020**

- Joint status report, including settlement conference request, due ........................**16 October 2020**

- Motions due[1] ...........................................................**16 October 2020**

- **Jury Trial**, **Jonesboro Courtroom 324,** ....................... **10 May 2021**

- **Amending Pleadings.** Local Rule 5.5(e) requires a party to attach the proposed amended pleading to the motion. Please make this attachment a redline or comparison copy showing all proposed changes. Counsel should confer about proposed amendments. State in your motion to amend whether the change is agreed or opposed.

- **Protective Orders.** Before filing a motion for approval, counsel should email a draft order in WordPerfect or Word to chambers for review. Alert the law clerk on the case to the draft's submission. Avoid legalese. Short, plain orders are better than long, complicated ones. Incorporate Fed. R. Civ. P. 5.2's mandate for redaction if practicable before any filing under seal. The order should remain in effect no longer than one year after litigation ends, not in perpetuity. Incorporate the procedure for discovery

---

[1]This deadline applies to motions to certify the class. It also applies to any defense motion on the merits, such as a motion for summary judgment. Note and follow the procedure specified *infra* where applicable. Complete condensed deposition transcripts, specific record citations, and courtesy copies of voluminous filings are always helpful to the Court and appreciated.

disputes, see *infra*, to cover disputes about whether a document is confidential.

- **Discovery Disputes.**   Counsel should confer in good faith *in person* before bringing any discovery dispute to the Court.  Do not file motions to compel.  Do not file a motion to quash or for protective order unless there is an emergency.  If the parties reach a discovery impasse, they should file a joint report explaining the disagreement.  File this paper under the CM/ECF event called "Joint Report of Discovery Dispute". Your joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages.  Do not file a motion asking for more pages. Use double spacing and avoid footnotes.  Attach documents (such as disputed written discovery or responses) as needed.  Redact any attachments as required by Federal Rule of Civil Procedure 5.2 to protect confidential information.   File the joint report sufficiently before the discovery cutoff so that the dispute can be resolved, and any additional discovery completed, without undermining other pretrial deadlines.  The Court will rule or schedule a hearing.  Alert the law clerk on the case to the joint report's filing.   If a dispute arises during a deposition, call chambers so the Judge can rule during the deposition.

- **Summary Judgment.**  Motions must comply with Federal Rule of Civil Procedure 56 and Local Rules 7.2 and 56.1.  Make the complete condensed transcript of any deposition cited an exhibit. Limit your Rule 56.1 statements to *material* facts.  Include a *specific* supporting record citation for each fact asserted.  Responding statements of fact must repeat the statement being responded to—like a discovery response.  Include a *specific* supporting record citation for each fact disputed or asserted in the responding statement.  A party's substantial failure to follow these procedures will result in the party having to correct its filing.  If the summary judgment papers are voluminous, the Court would appreciate the

parties sending a courtesy paper copy to chambers.  Any movant may reply within seven calendar days of a response to a motion for summary judgment.

- **Conflicts Of Interest.**  Counsel must check the Court's recusal list on file in the U.S. District Clerk's Office to determine whether there is any conflict that might require recusal.  If any party is a subsidiary or affiliate of any company in which the Court has a financial interest, counsel should bring that fact to the Court's attention immediately.

Please communicate with Sherri Black, Courtroom Deputy, by e-mail at *sherri_black@ared.uscourts.gov* to check your position on the calendar as the trial date approaches.  In the event of settlement, advise Sherri Black immediately.

**AT THE DIRECTION OF THE COURT**
**JAMES W. McCORMACK, CLERK**

**By:**   **Sherri Black**
        Courtroom Deputy to
        Judge D. P. Marshall Jr.

        3 December 2019