IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BOOTHE FARMS, INC.; BIG RISK FARMS,
INC.; TERRY BOOTHE; ADAM BOOTHE;
RINEHART FAMILY FARMS II; MM FAMILY
FARMS; and  WILLIAM J. DORE, each
individually and on behalf of all those similarly
situated                                                          PLAINTIFFS

v.                                    No. 3:19-cv-264-DPM

DOW CHEMICAL CO.; DOW
AGROSCIENCES, LLC; CORTEVA, INC.;
and E. DU PONT DE NEMOURS AND
CO.                                                              DEFENDANTS

## ORDER

Dow moves to dismiss some of the claims in the amended complaint by the Arkansas, Missouri, and new Louisiana rice farmers. A prescription (limitations) issue about the Louisiana claims was argued but abandoned for now in the briefing.  This is Dow's second motion to dismiss.  The farmers' opening response is that Federal Rule of Civil Procedure 12(g) precludes the Court from considering arguments that Dow could have made in the first round but didn't. Allowing Dow to press all available arguments against the new Louisiana farmer plaintiff doesn't offend the letter or spirit of Rule 12(g).  And while Dow's argument about the Missouri Crop Protection

Act was available before, but not argued, the circumstances presented support addressing the argument now. First, Rule 12(g) aims at preventing serial motion practice. But we're already in round two because the farmers sought, and the Court granted, leave to amend to fill holes in the original pleading. Second, the new argument has been fully briefed on the merits. Refusing to consider those merits would prompt a Rule 12(c) motion, and another round of threshold briefing. More paper is not what this case needs. The Court is persuaded by the non-binding authority holding that discretion to rule exists in these circumstances, *TrueNorth Companies, L.C. v. TruNorth Warranty Plans of North America, LLC*, 292 F. Supp. 3d 864, 868 (N.D. Iowa 2018), and will consider all Dow's arguments, FED. R. CIV. P. 1.

The parties agree that the Arkansas and Missouri farmers' warranty claims can be addressed together. Both states have adopted identical versions of the applicable sections of Article Two of the Uniform Commercial Code.

The Arkansas and Missouri farmers' express warranty claims survive. These farmers plead that they bought this herbicide "because of Dow's representations" that Loyant would control weeds. *Doc. 54 at ¶¶ 66 & 79*. While more particulars would have been helpful, this allegation suffices for now on the reliance element. *Renaissance Leasing, LLC v. Vermeer Manufacturing Co.*, 322 S.W.3d 112, 122 (Mo. 2010) (en

- 2 -

banc); *Ciba-Geigy Corp. v. Alter*, 309 Ark. 426, 447, 834 S.W.2d 136, 147 (1992).

The Arkansas and Missouri farmers' implied warranty claims fail. Dow could exclude all implied warranties with conspicuous written words about merchantability. ARK. CODE ANN. § 4-2-316(2); MO. ANN. STAT. § 400.2-316(2); *see also Midwest Printing, Inc. v. AM International, Inc.*, 108 F.3d 168, 171 (8th Cir. 1997) (Missouri law); *Hunter v. Texas Instruments, Inc.*, 798 F.2d 299, 301 (8th Cir. 1986) (Arkansas law). On the last page of its sixteen-page label, Dow included this term:

---

**Warranty Disclaimer**

Dow AgroSciences warrants that this product conforms to the chemical description on the label and is reasonably fit for the purposes stated on the label when used in strict accordance with the directions, subject to the inherent risks set forth below. To the extent permitted by law, Dow AgroSciences MAKES NO OTHER EXPRESS OR IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OR ANY OTHER EXPRESS OR IMPLIED WARRANTY.

---

*Doc. 55-1 at 20*. The term is conspicuous as defined by the Code: the heading is bigger than the related text and in bold; the heading is framed by two bold lines; the disclaimer part of this term is in all capital letters, unlike the surrounding sentences; and the key sentence is clear. Taking in the whole, a reasonable person would have noticed Dow's disclaimer of any implied warranty. ARK. CODE ANN. § 4-1-201(b)(10); MO. ANN. STAT. § 400.1-201(b)(10).

The Missouri farmers argue that Dow destroyed their crops in violation the Missouri Crop Protection Act. It creates a civil cause of action for the knowing, intentional, or negligent destruction of crops. MO. ANN. STAT. §§ 537.353.1 & 569.132.2(1). These farmers plead no

specifics showing that Dow knowingly or intentionally destroyed their crops. Negligence is a closer call. Reading the applicable penal statutes together, the Court agrees with Dow that some level of post-sale control is probably required to proceed against a corporation under this Act. *See* MO. ANN. STAT. § 562.056. As Dow points out: the Missouri farmers applied Loyant themselves; Dow had no post-sale control. No guiding Missouri Supreme Court precedent exists. This Court's *Erie*-educated prediction is that Missouri law requires something more than a sale to state this kind of statutory claim. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 856 (8th Cir. 2010). Judge Limbaugh's decision on point did not wrestle with this issue. *See In re Dicamba Herbicides Litigation*, 359 F. Supp. 3d 711, 742 (E.D. Mo. 2019). These farmers have an unchallenged negligence claim that is going forward. Their pleading here is conclusory. *Doc. 54 at ¶ 191.* In these circumstances, the Missouri Crop Protection Act claims fail.

The new Louisiana farmer's express warranty claim survives. Dow argues that he fails to allege with specificity the existence of an express warranty. But Loyant's label states that "susceptible weeds emerged at the time of application will be controlled." *Doc. 55-1 at 12.* These clear words suffice under Louisiana law. LA. STAT. ANN. § 9:2800.53(6). The new Louisiana farmer's request for punitive damages falls short, though. Neither statute he invokes allows for punitive damages. *Mosing v. Domas*, 830 So.2d 967, 973 (La. 2002); *see also King*

-4-

*v. Bayer Pharmaceuticals Corp.*, 2009 WL 2135223, at *5 (W.D. La. July 13, 2009).

\*   \*   \*

Dow's motion to dismiss, *Doc. 55*, is partly granted and partly denied.  The new Louisiana farmer cannot recover punitive damages.  And because all the farmers haven't adequately pleaded a likelihood of future injury—they've already applied Loyant to their crops—their passing request for injunctive relief fails.  *Meagley v. City of Little Rock*, 639 F.3d 384, 391 (8th Cir. 2011).  The following claims are dismissed without prejudice:  the Arkansas and Missouri farmers' warranty claims and the Missouri farmers' Missouri Crop Protection Act claims.  The following claims proceed:  the Arkansas and Missouri farmers' tort claims, and the new Louisiana farmer's Louisiana Products Liability Act claims, and his Louisiana Redhibition Act claim.  Answer due by 2 October 2020.

So Ordered.

*DPMarshall Jr.*
_____

D.P. Marshall Jr.
United States District Judge

*16 September 2020*
_____