IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BOOTHE FARMS, INC.;  BIG RISK FARMS,
INC.;  JEFFREY D. BOOTHE;  TERRY BOOTHE;
ADAM BOOTHE;  RINEHART FAMILY
FARMS II;  MM FAMILY FARMS;  and
WILLIAM J. DORE, each individually and on
behalf of all those similarly situated                                    PLAINTIFFS

v.                              No. 3:19-cv-264-DPM

DOW CHEMICAL CO.;  DOW
AGROSCIENCES, LLC;  CORTEVA
AGRISCIENCE;  and DU PONT DE
NEMOURS AND CO.                                                          DEFENDANTS

ORDER

    The Court has received the attached joint email requesting clarification of the Court's recent Order, *Doc. 64*.  Request granted. First, the Court should have listed the Arkansas and Missouri farmers' express warranty claims among the claims that go forward.  Second, the Louisiana farmer's request for punitives failed as a matter of law.  It is dismissed with prejudice.  Third, the request for injunctive relief based on past Loyant applications likewise failed as a matter of law and is dismissed with prejudice, too.  Notwithstanding the Court's pointed remark that more threshold briefing was unneeded, *Doc. 64 at 2*, the

Court directs counsel to proceed by motion rather than email on all substantive matters. This Order amends and clarifies *Doc. 64*.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

13 October 2020

**From:** Chip Chiles <cchiles@qgtlaw.com>
**Sent:** Friday, October 9, 2020 8:06 AM
**To:** AREDdb_dpmchambers <dpmchambers@ared.uscourts.gov>
**Cc:** clayton@s2lawfirm.com; valerie@s2lawfirm.com; smurrayjr@murray-lawfirm.com; amurray@murray-lawfirm.com; jhayes@murray-lawfirm.com; cbanks@bankslawfirm.us; Mandler, John P. <john.mandler@faegredrinker.com>; Johnson, Ross W. <ross.johnson@faegredrinker.com>; Anderson, Shane A. <shane.anderson@faegredrinker.com>; Gunkel, Carolyn A. <carolyn.gunkel@faegredrinker.com>; jpizzirusso@hausfeld.com; kfetsick@hausfeld.com; John Tull <jtull@qgtlaw.com>; Christoph Keller <ckeller@qgtlaw.com>
**Subject:** RE: Boothe v. Dow Chemical Co. et al., Case No. 3:19-cv-264-DPM -- Order on Motion to Dismiss

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

The parties have reviewed the Court's Order on the Second Motion to Dismiss (Order, ECF No. 64). The parties have agreed to submit this e-mail message to verify whether their interpretation of the Order is correct.

First, the parties want to confirm that Plaintiffs' express warranty claims will proceed. In the body of the Order, after analyzing the parties' respective positions, the Court specifically stated the Arkansas, Missouri, and Louisiana Plaintiffs' express warranty claims would proceed and that the Arkansas and Missouri Plaintiffs' implied warranty claims fail (the Louisiana Plaintiff did not bring implied warranty claims). (Order, ECF No. 64). In the final summary paragraph of the Order, the Court stated that "[t]he following claims are dismissed without prejudice: the Arkansas and Missouri farmers' warranty claims . . . . The following claims proceed: the Arkansas and Missouri farmers' tort claims, and the new Louisiana farmer's Products Liability Act claims, and his Louisiana Redhibition Act claim." (*Id.*). Although these conclusions do not specifically state that the Plaintiffs' express warranty claims proceed, based on the Court's analysis and statements earlier in the Order, the parties understand that they do.

Second, the Court indicated that it was dismissing the Arkansas and Missouri farmers' warranty claims and the Missouri farmers' Missouri Crop Protection Act Claims without prejudice. (*Id.* at 5). The Court did not make any such indication when dismissing the Louisiana Plaintiff's punitive damages claim and the Plaintiffs' claim for injunctive relief. Because the Court did not indicate otherwise, the parties understand that those claims are dismissed with prejudice. *See, e.g., Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n. 3 (1981) (noting that rulings on 12(b)(6) motions are "judgments on the merits"); *Carter v. Norfolk Cmty. Hosp. Assoc.,* 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice.").

The parties respectfully request that the Court enter a Supplemental Order confirming that their understanding is correct.

Thank you.

Respectfully,

E. B. (Chip) Chiles IV | Quattlebaum, Grooms & Tull PLLC | 501.379.1734