IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BOOTHE FARMS, INC.; BIG RISK FARMS, INC.;
JEFFREY D. BOOTHE; TERRY BOOTH;
ADAM BOOTHE; RINEHART FAMILY FARMS II;
MM FAMILY FARMS; AND WILLIAM J. DORE;
individually and on behalf of all those
similarly situated,

                                                                                                                                 **PLAINTIFFS**

v.                    Case No.: 3:19-cv-00264-DPM

THE DOW CHEMICAL CO.;
DOW AGROSCIENCES LLC; CORTEVA, INC.;
and E.I. DU PONT DE NEMOURS AND CO.,

                                                                                                                **DEFENDANTS**

## PLAINTIFFS' UNOPPOSED MOTION TO CONTINUE DEADLINES AND TRIAL DATE

COME NOW Plaintiffs Boothe Farms, Inc.; Big Risk Farms, Inc.; Jeffrey D. Boothe; Terry Boothe; Adam Boothe; Rinehart Family Farms II; MM Family Farms; and William J. Dore; individually and on behalf of those similarly situated (collectively "Plaintiffs") to submit this Unopposed Motion to Continue Deadlines and Trial Date. For the reasons set forth below, Plaintiffs request that the Court extend all case deadlines by 60-80 days and reset the trial in this matter after there has been a ruling on class certification.

1.     Plaintiffs filed this lawsuit on September 26, 2019 (ECF No. 1).

2.     The parties briefed two motions to dismiss which resulted in the current pending complaint.

3. After numerous good faith meet and confers regarding a mutually acceptable ESI Agreement, on February 9, 2021, the Court entered the Stipulated Protocol for the Production of Documents and ESI (ECF No. 73).

4. The Parties began to diligently negotiate and conduct discovery in this case.

5. Promptly after the Parties realized the additional challenges imposed by the impact of COVID-19 and other scheduling issues, on July 7, 2021, the Parties submitted a Joint Motion to Continue Deadlines and Trial Date demonstrating good cause. (ECF No. 98).

6. On July 16, 2021, the Parties submitted the July 2021 Joint Status Report (ECF No. 99), informing the Court on the current status of discovery, current schedule and deadlines, and the Court's Text Order (ECF No. 97) on Joint Report of Discovery Dispute.

7. On July 21, 2021, the Court entered the Second Amended Final Scheduling Order – Class Action.

8. Since the issuance of the Amended Final Scheduling Order on September 15, 2020 (ECF No. 63), the Parties have continued to diligently engage on discovery issues. Defendants made their first custodial document production on July 16, 2021 and continued making rolling productions through August 8, 2021.[1]

9. Shortly after the issuance of the Second Amended Scheduling Order, however, Plaintiffs faced several unexpected challenges that Plaintiffs believe will require an extension to the deadlines in the Second Amended Final Scheduling Order.

10. On or about Monday, August 16, 2021, Plaintiff Rinehart contracted and tested positive for COVID-19, after which Mr. Rinehart suffered from mild to severe symptoms for over

---

[1] Defendants produced approximately 13,788 pages of non-custodial documents from November 23, 2020 through March 26, 2021 and the custodial productions have included approximately 65,329 pages that Plaintiffs are diligently working to review.

two weeks. On August 17, 2021, Mr. Rinehart was scheduled to meet in person with an expert in this case. Due to his COVID-19 diagnosis, health effects, and for safety reasons, this in person meeting had to be cancelled. Mr. Rinehart contracting COVID-19 not only postponed Mr. Rinehart's meeting with his expert in this case, but it also postponed Plaintiffs' counsel's ability to meet and work with Mr. Rinehart regarding his discovery responses and a deposition date. In addition, Mr. Rinehart was not able to prepare for his 2021 harvest which has further interrupted his ability to assist in amending certain discovery responses. Mr. Rinehart still has some lingering symptoms of COVID-19 (sometimes referred to as "long COVID") but is now testing negative and has started his 2021 harvest. With the delays caused by Mr. Rinehart contracting COVID-19 and with the 2021 rice harvest starting, Plaintiff's Counsel and Defense Counsel have been working together in an attempt to schedule a time for Mr. Rinehart's deposition. Because finding a lengthy time when Mr. Rinehart can be away from the farm for during harvest has been extremely difficult, Plaintiffs proposed (and Defendants agreed) to break up his deposition into two 3.5 hour morning sessions on two separate days to minimize interruptions with harvest.

11. In addition to Mr. Rinehart contracting COVID-19, two key staff members of Plaintiff's counsel (Saucier & Smaistrla PLLC) who are instrumental in assisting in the discovery process also contracted COVID-19 during this same time period. With Mr. Rinehart having COVID and key staff members also having COVID, it further delayed Plaintiff's ability to keep on the current schedule for supplementing Mr. Rinehart's discovery and providing Defendants what is needed so they can fully review and prepare for Mr. Rinehart's deposition.

12. On or about August 27, 2021, Plaintiffs' attorneys located in New Orleans at the Murray Law Firm were among those impacted by Hurricane Ida. Hurricane Ida caused catastrophic damage to the infrastructure in the area including large-scale power outages.

Plaintiffs' attorneys and their staff were displaced and without access to their homes, and offices for approximately two weeks. Resources are still limited in the area and many are dealing with damage to their homes as well as the rebuilding process. Due to the need to focus on recovery, the Governor of Louisiana has suspended all legal deadlines until at least September 24, 2021.

13.     Plaintiff Dore also had to prepare his home and operations for possible impact from Hurricane Ida and was unable to take part in discovery during this time.

14.     Additionally, another member of Plaintiffs' litigation team at Hausfeld had an unexpected death in the family and had to take emergency bereavement leave for several days causing him to be unable to assist with discovery.

15.     These unanticipated COVID and hurricane-related delays have further impacted the Parties' ability to make as much progress as they hoped on discovery. The issues discussed above and the overall logistical challenges posed by COVID in general resulted in further unexpected delays in Plaintiffs' production of documents and responses to written discovery as well as the scheduling of the named Plaintiffs' depositions. The Parties devoted significant time to addressing these issues without Court intervention and have been successful in doing so thus far. But all of this additional work then impacted the Parties' ability to address certain issues and requests Plaintiffs have made with respect to discovery from Defendants, as well. These include, for example, specific damages-related discovery that the Parties have been conferring on for several weeks and are still working through, as well as scheduling many depositions Plaintiffs have now requested. The Parties are diligently working through these issues together as quickly as possible under the circumstances and are happy to provide more information or details should the Court desire it in connection with assessing this unopposed motion or otherwise.

16. As soon as Plaintiffs recognized that the above unexpected challenges would result in Plaintiffs' inability to meet the existing deadlines, on September 13, 2021, Plaintiffs' counsel contacted Defendants' counsel to inform them of Plaintiffs' intention to seek an extension from the Court.

17. On September 17, 2021, Defendants' counsel informed Plaintiffs' counsel that Defendants would not oppose Plaintiffs' Motion to Continue Deadlines and Trial Dates. The Plaintiffs then worked to draft an Unopposed Motion that would be suitable to both Parties

18. Specifically, Plaintiffs respectfully request, and Defendants do not oppose, that the current deadlines and trial dates be continued and reset as follows to account for the unanticipated delays and to avoid holiday disruptions:

| Deadline | Current Date | Proposed Date |
| --- | --- | --- |
| Deadline for Plaintiffs' F. R. C. P. Rule 26(a)(2) class expert witness disclosures | October 12, 2021 | January 4, 2021 |
| Deadline for Defendants' F. R. C. P. Rule 26(a)(2) class expert witness disclosures: | December 14, 2021 | March 4, 2022 |
| Deadline for Plaintiffs' F. R. C. P. Rule 26(a)(2) rebuttal class expert witness disclosures | January 11, 2022 | April 8, 2022 |
| Deadline for close of class discovery | February 10, 2022 | April 29, 2022 |
| Deadline for joint status report, including settlement conference request | March 14, 2022 | May 27, 2022 |
| Deadline for motions, including Plaintiffs' motion to certify the class and defense motions on the merits such as motions for summary judgement | March 14, 2022 | May 27, 2022 |
| Jury Trial[2] | December 12, 2022 | February 2023 |

---

[2] While the trial date is currently set far out from the motions deadline, the Parties envision that there will likely be numerous motions that will greatly impact the type and length of trial that may

Dated: September 29, 2021

    Charles A. Banks
Ark. Bar No. 73004
BANKS LAW FIRM
711 West Third Street
Little Rock, AR 72201
Telephone: (501) 280-0100
Facsimile: (501) 325-0565
Email: cbanks@bankslawfirm.com

Clayton Smaistrla
Ark. Bar No. 2012299
SAUCIER & SMAISTRLA PLLC
200 Concord Plaza Drive, Suite 750
San Antonio, TX 78216
Telephone: (210) 901-8112
Facsimile: (210) 338-8916
Email: clayton@s2lawfirm.com

Stephen B. Murray, Jr.
Arthur M. Murray
MURRAY LAW FIRM
701 Poydras Street, Suite 4250
New Orleans, LA 70139
Telephone: (504) 525-8100
Facsimile: (504) 584-5249
Emails: smurrayjr@murray-lawfirm.com
       amurray@murray-lawfirm.com

James Pizzirusso
Jane I. Shin
Hausfeld LLP
888 16th Street, NW
Washington, DC 20006

---

be necessary. In addition, regardless of how the Court rules on Plaintiffs' Motion for Class Certification, the losing party will likely seek review under FRCP 23(f). The parties suggest that it might make sense to reset a trial date after there is a ruling on class certification, but if the Court's preference is to reset the trial date now, then the parties propose a trial date in February of 2023 or later to allow the Court sufficient time to address and rule on all of the expected motions, before the Parties need to begin preparing for a trial.

        Telephone:   (202) 540-7200
        Facsimile:    (202) 540-7201
        Emails:       jpizzirusso@hausfeld.com
                          jshin@hausfeld.com

Kimberly Fetsick
Hausfeld LLP
33 Whitehall Street
14th Street
New York, NY 10004
Telephone:   (646) 357-1100
Facsimile:    (212) 202-4322
Email:        kfetsick@hausfeld.com

*Attorneys for Plaintiffs*