UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| STANLEY JONES, BLACK SPICE FARMS, INC., BRITT JONES, INC., HOGBACK FARM, INC., J-CO FARMS, NORTH 40 FARMS, INC., S&W FARMS, SIB FARMS, T&W FARMS, and SLOUGH FARMS, INC., individually and on behalf of all those similarly situated, | Case No.: 3:21-cv-237-DPM |
| Plaintiffs, | |
| v. | |
| CORTEVA, INC. and CORTEVA AGRISCIENCE LLC, | |
| Defendants. | |
| BOOTHE FARMS, INC.; BIG RISK FARMS, INC.; JEFFREY D. BOOTHE; TERRY BOOTHE; ADAM BOOTHE; RINEHART FAMILY FARMS II; MM FAMILY FARMS; AND WILLIAM J. DORE, individually and on behalf of all those similarly situated | Case No.: 3:19-cv-00264-DPM |
| Plaintiffs, | |
| v. | |
| THE DOW CHEMICAL CO.; DOW AGROSCIENCES LLC; CORTEVA, INC.; and E. I. DU PONT DE NEMOURS AND CO. | |
| Defendants. | |

## STIPULATION AND ORDER
## REGARDING COORDINATION AND PRETRIAL CONSOLIDATION OF ACTIONS

WHEREAS, the above-referenced case entitled *Jones, et al. v. Corteva, Inc. et al.* ("*Jones Action*") was filed on November 15, 2021;

WHEREAS, Plaintiffs in *Jones* immediately filed a Notice of Related Action in the *Jones Action* regarding *Boothe Farms, Inc., et al. v. The Dow Chemical Co., et al.* ("*Boothe Action*"), requesting that the *Jones Action* be assigned to Judge Marshall, who is and has been presiding over the *Boothe Action* since September 2019;

WHEREAS, the single claim pled in the *Jones Action* is very similar to a claim already pending in the *Boothe Action*;

WHEREAS, Defendants in both the *Boothe Action* and the *Jones Action* are represented by the same counsel;

WHEREAS, counsel in the *Jones Action* believe and represent that they have sufficient information and knowledge regarding the *Boothe Action* and the *Jones Action* to enter into this Stipulation;

WHEREAS, Plaintiffs and Defendants in the *Jones Action* and Plaintiffs and Defendants in the *Boothe Action* (together and collectively, "the Parties") seek to limit the need for any duplicative past or future discovery and motion practice, and, therefore, they believe that the consolidation of these matters as described below will be efficient for the Court and the Parties;

WHEREAS, counsel for Plaintiffs in both the *Boothe Action* and *Jones Action* have conferred and agree that coordination and consolidation of the two Actions is desirable;

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and between the Parties, as follows, to facilitate the Parties' intentions as stated herein:

1.      The *Boothe* and *Jones* Actions should be consolidated for all pretrial purposes;

- 1 -

2.      The Stipulated General Protective Order entered in the *Boothe Action* (*Boothe*
Dkt. 67) shall apply in the *Jones Action* prior to any order of formal consolidation or action on
the Notice of Related Case filed in the *Jones Action*, a Stipulated General Protective Order with
identical substantive terms to the one entered in the *Boothe Action* shall be agreed to and entered
in the *Jones Action* as soon as is practicable, and all documents designated by or for any party,
person or entity under the Stipulated General Protective Order in the *Boothe Action* shall be
deemed confidential or highly confidential under the Stipulated General Protective Order in the
*Jones Action*;

3.      All discovery taken in the *Boothe Action* shall be usable in the *Jones Action* to the
same extent that it could be in the *Boothe Action*, and the Parties agree that discovery already
taken in the *Boothe Action* and to be taken moving forward (in the consolidated matter) shall not
be repeated, including, specifically, upcoming depositions of Defendants' representatives
(Plaintiffs in the *Jones Action* explicitly agree that their participation (or opportunity to
participate) in such depositions shall constitute their single and only opportunity to depose each
such representative);

4.      The Parties agree that the operative schedule in the *Boothe Action* (*Boothe* Dkt.
112) shall apply to the *Jones Action* (including, but not limited to, deadlines for the disclosure of
experts and the filing of all motions), and that the Parties shall not use the consolidation of these
matters as described herein as a reason or basis to request to continue the existing operative
schedule. Although no Party to this Stipulation has a current plan to request an adjustment of the
schedule or deadlines, nothing in this paragraph is intended or should be construed to preclude
any Party from arguing in the future that an adjustment to the case schedule may be necessary for

reasons independent of the fact of consolidation, or preclude any Party from resisting any such extension request;

5.     The Parties agree that agreements as to the amount or scope of discovery in the *Boothe Action* shall apply with respect to the *Jones Action*, including, specifically, certain limitations on discovery set forth in the Rule 26(f) report submitted in the *Boothe Action*;

6.     On or before December 9, 2021, Defendants in the *Jones Action* will serve substantially the same written discovery on Plaintiffs in the *Jones Action* that they served on Plaintiffs in the *Boothe Action*. The *Jones* Plaintiffs will serve their discovery responses and make a substantially complete document production in response to those requests by January 14, 2022, and will notify Defendants no later than January 7, 2022, if any issues arise that would prevent substantial completion by January 14, 2022. Plaintiffs in the *Jones Action* will also provide complete Initial Disclosures under Rule 26 by January 14, 2022. Plaintiffs in the *Jones Action* will make themselves available for deposition(s) by February 4, 2022. *Jones* counsel will also work cooperatively with Defendants' counsel to provide, no later than December 6, 2021, limited but important information so that Defendants can begin party and third party discovery of Plaintiffs' operation(s) so that such discovery can commence in December 2021, including, specifically, providing information about the *Jones* Plaintiffs' rice crops, the type and variety of rice allegedly injured or damaged, the counties in which any *Jones* Plaintiff planted or grew rice in all claimed loss years, agricultural product and seed suppliers, agricultural consultants, applicators, purchasers of rice, and insurers, all for the claimed loss year(s) and the five years preceding the first alleged loss year for which the *Jones* Plaintiffs grew the same rice type(s) in the same fields for which any damages are claimed in this matter. The *Jones* Plaintiffs will, by December 6, 2021, sign consents, releases, or both substantially similar to those utilized in the

- 3 -

*Boothe Action* to facilitate Defendants obtaining documents from third parties such as insurers and governmental entities (including the FSA). To the extent necessary, the Parties stipulate under Rule 26 or otherwise that Defendants may commence such discovery of the *Jones* Plaintiffs and third parties beginning December 1, 2021. If the *Jones* Plaintiffs do not substantially comply with their discovery and other obligations as described herein, Defendants shall be entitled to request any relief from the Court which may be necessary or appropriate as a result of the same.

7.     Pursuant to Acceptance of Service forms executed by Defendants in the *Jones Action*, Defendants currently have until January 18, 2022, to respond to the *Jones* Complaint, and all Parties agree that in entering into this Stipulation and engaging in the activities contemplated herein, Defendants reserve and do not waive any rights or arguments under Federal Rule of Civil Procedure 12, or any other statute, rule, or law. In the event Defendants file a motion to dismiss with regard to the *Jones* Complaint under Federal Rule of Civil Procedure 12, the Parties shall not seek to stay discovery or modify the existing schedule based on the filing of such a motion to dismiss by Defendants. Furthermore, the Parties agree and stipulate that in agreeing to consolidation as described herein, no Party is making any admission or concession, and all Parties reserve their rights and arguments, as to whether any putative class or alleged class issue should or can be certified.

8.     The Parties agree that to the extent it is ordered by the Court, all pro hac vice admissions in the *Boothe Action* shall apply in the *Jones Action*, and vice versa. And the Court so orders.

9.     The Parties agree that they will update the Stipulation to Email Service of Documents (*Boothe* Dkt. 45) to include all pertinent counsel in the *Boothe Action* and the *Jones*

*Action,* and that they will utilize and rely on this updated Stipulation for electronic service of documents moving forward in the consolidated matters.

    10.    Despite any rule or statute to the contrary, the *Jones* Plaintiffs shall file Corporate Disclosure Statements pursuant to Federal Rule of Civil Procedure 7 by December 15, 2021.

    11.    The Court designates No. 3:19cv264 DPM as the lead case and all future filings shall be made under that docket number until the Court orders otherwise.

Dated:    December 6, 2021

Respectfully submitted,

By:

John P. Mandler
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
612.766.7000
Email: John.Mandler@FaegreDrinker.com

*Attorneys for Defendants The Dow Chemical Co., Dow Agrosciences LLC, Corteva, Inc., Corteva Agriscience LLC, and E. I. du Pont de Nemours and Co.*

Respectfully submitted,

By:

Daniel E. Seltz (*admitted pro hac vice*)
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
212.355.9500
*Attorney for Jones Plaintiffs*

Respectfully submitted,

By:

James Pizzirusso (*admitted pro hac vice*)
Hausfeld LLP
888 16th Street, NW
Washington, DC 20006
202.540.7200
*Attorney for Boothe Plaintiffs*

- 5 -

IT IS SO ORDERED.

Signed on _Tuesday_ this _7th_ day of _December_, 2021.

_____
UNITED STATE DISTRICT JUDGE