UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| STANLEY JONES, BLACK SPICE FARMS, INC., BRITT JONES, INC., HOGBACK FARM, INC., J-CO FARMS, NORTH 40 FARMS, INC., S&W FARMS, SIB FARMS, T&W FARMS, and SLOUGH FARMS, INC., individually and on behalf of all those similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>CORTEVA, INC. and CORTEVA AGRISCIENCE LLC,<br><br>        Defendants. | Case No.: 3:21-cv-237-DPM |
| BOOTHE FARMS, INC.; BIG RISK FARMS, INC.; JEFFREY D. BOOTHE; TERRY BOOTHE; ADAM BOOTHE; RINEHART FAMILY FARMS II; MM FAMILY FARMS; AND WILLIAM J. DORE, individually and on behalf of all those similarly situated<br><br>        Plaintiffs,<br><br>v.<br><br>THE DOW CHEMICAL CO.; DOW AGROSCIENCES LLC; CORTEVA, INC.; and E. I. DU PONT DE NEMOURS AND CO.<br><br>        Defendants. | Case No.: 3:19-cv-00264-DPM (Lead Case) |

## DEFENDANTS' MOTION TO STRIKE THE REBUTTAL REPORT AND SUPPLEMENT OF DR. RUSSELL LAMB

### Expedited Consideration Requested

1

Defendants The Dow Chemical Co., Dow AgroSciences LLC, Corteva, Inc., Corteva Agriscience LLC and E. I. Du Pont De Nemours and Co (collectively "Defendants"), for their motion to strike the "rebuttal" report and supplement of Dr. Russell Lamb, state as follows:

1.      Plaintiffs Boothe Farms, Inc., Big Risk Farms, Inc., Jeffrey D. Boothe, Terry Boothe, Adam Boothe, Rinehart Family Farms II, MM Family Farms, William J. Dore, Stanley Jones, Black Spice Farms, Inc., Britt Jones, Inc., Hogback Farm, Inc., J-Co Farms, North 40 Farms, Inc., S&W Farms, Sib Farms, T&W Farms, and Slough Farms, Inc. (collectively "Plaintiffs") served the first opinion of Dr. James Richardson on January 4, 2022.

2.      Plaintiffs served the first supplemental report of Dr. Richardson on February 5, 2022, and the second supplemental report of Dr. Richardson on February 28, 2022.

3.      Defendants deposed Dr. Richardson on February 8, after the first supplement and before the second supplemental report, leaving Defendants without an opportunity to question Dr. Richardson on his second supplement.

4.      According to the Third Amended Final Scheduling Order, Plaintiffs were required to disclose Rule 26(a)(2)(B) expert witnesses and serve their reports by January 4, 2022; Defendants were required to disclose responsive expert witnesses and serve their reports by March 4, 2022; and Plaintiffs were required to disclose rebuttal expert witnesses and serve their reports by April 8, 2022. (ECF No. 112 at 1–2).

5.      Due to deposition scheduling issues, the parties subsequently agreed that Plaintiffs' rebuttal opinions could be served on or before April 15, 2022.

6.      On April 15, 2022, Plaintiffs served an improper "rebuttal" from a new expert witness, Dr. Russell Lamb.

7.      Dr. Lamb has not, however, been designated as an expert "solely to contradict or rebut evidence on the same subject matter identified by" Defendants' experts' reports, Fed. R. Civ. P. 26(a)(2)(D)(ii).

8.      First, Plaintiffs are improperly attempting to use Dr. Lamb's "rebuttal" report to introduce a new damages methodology that contradicts and replaces that of Dr. Richardson, Plaintiffs' initial damages expert.

9.      Second, Plaintiffs are using Dr. Lamb's report to both improperly bolster portions of Dr. Richardson's opinions and entirely substitute Dr. Lamb as Plaintiffs' damages expert.

10.     Finally, Plaintiffs' late disclosure of Dr. Lamb violates Rule 26 and this Court's Third Amended Final Scheduling Order, because as a primary expert offering a new opinion on how to calculate alleged damages, Dr. Lamb should have been disclosed by the January 4, 2022 deadline.

11.     Plaintiffs' untimely disclosure of Dr. Lamb is unjustified and has significantly prejudiced Defendants.

12.     In particular, Defendants are prejudiced by Plaintiffs' untimely disclosure of Dr. Lamb because Defendants' experts are unable to respond to Dr. Lamb's new methodology, and Defendants have a shortened time to prepare for Dr. Lamb's deposition than they would have if Plaintiffs had disclosed him in their initial expert disclosures.

13.     Therefore, Defendants respectfully request that the Court strike Dr. Lamb's improper "rebuttal" report and the untimely supplement to the "rebuttal" report pursuant to Fed. R. Civ. P. 26(a)(2)(B), 37(c)(1), and the Court's inherent power.

14.      Pursuant to a prior agreement between the parties, Defendants have until May 6, 2022, to depose Plaintiffs' rebuttal experts. Defendants are currently attempting to schedule a deposition of Dr. Lamb for a day between May 3 and 6, 2022.

15.      If the Court strikes Dr. Lamb's report, Defendants will not need to proceed with this deposition. Accordingly, to conserve time and resources for the parties, Defendants request expedited consideration of their motion. If the Court is inclined to grant expedited consideration, Defendants request that Plaintiffs' response period be limited to four (4) days from filing of this motion. Similarly, if the Court is inclined to grant expedited consideration, Defendants would request leave to file a short reply brief on the next business day after Plaintiffs' response.

16.      In further support of this motion, Defendants provide a memorandum of law and the following documents, each of which is incorporated by this reference: (1) Ex. A: Defendants' First Set of Requests for Production to Plaintiffs at Requests 12, 13, 15, 22; (2) Ex. B: Defendants' Second Set of Interrogatories to Plaintiff Boothe Farms (Oct. 8, 2021); (3) Ex. C: Defendants' Second Set of Requests for Production to Boothe Farms (Oct. 8, 2021); (4) Ex. D: Letter from C. Gunkel to C. Smaistrla (Dec. 10, 2021); (5) Ex. E: Emails between C. Gunkel and C. Smaistrla; (6) Ex. F: Richardson 1/4/22 Report; (7) Ex. G: Richardson 2/5/22 Supp. Report; (8) Ex. H: Richardson Dep.; (9) Ex. I: Richardson 2/28/22 Second Supp. Report; (10) Ex. J: Sumner Report; (11) Ex. K: Lamb 4/15/2022 Report; (12) Ex. L: Lamb 4/20/2022 Supplemental Report; and (13) Ex. M: 4/19 and 4/20 Correspondence.

WHEREFORE, Defendants The Dow Chemical Co., Dow AgroSciences LLC, Corteva, Inc., Corteva Agrisciences LLC and E. I. Du Pont De Nemours and Co respectfully request that this Court shorten Plaintiffs' response time, expedite consideration of this motion, and strike the opinion of Dr. Russell Lamb.

4

Dated: <u>April 21, 2022</u>

John E. Tull III
Ark. Bar No. 84150
E. B. Chiles IV
Ark. Bar No. 96179
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone:      (501) 379-1700
Facsimile:      (501) 379-1701
Email:          jtull@qgtlaw.com
                cchiles@qgtlaw.com

John P. Mandler
Shane A. Anderson
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone:      (612) 766-7000
Facsimile:      (612) 766-1600
Email:          john.mandler@faegredrinker.com
                shane.anderson@faegredrinker.com

Ross W. Johnson
Shannon L. Sole
Carolyn A. Gunkel
Martin J. Demoret
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309
Telephone:      (515) 248-9000
Facsimile:      (515) 248-9010
Email:          ross.johnson@faegredrinker.com
                shannon.sole@faegredrinker.com
                carolyn.gunkel@faegredrinker.com
                martin.demoret@faegredrinker.com

Attorneys for Defendants